762 A.2d 690 (2000)
335 N.J. Super. 415
STATE of New Jersey, Plaintiff-Respondent,
v.
Daryl C. PARKER, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted November 9, 2000.
Decided December 6, 2000.
*691 Ivelisse Torres, Public Defender, for appellant, (M. Virginia Barta, Assistant Deputy Public Defender, on the brief).
John J. Farmer, Jr., Attorney General, for respondent, (Linda K. Danielson, Deputy Attorney General, of counsel and on the brief).
Before Judges D'ANNUNZIO, KEEFE and EICHEN.
The opinion of the court was delivered by EICHEN, J.A.D.
Defendant Darryl C. Parker was arrested in the vicinity of Bellevue Avenue and Atlantic Avenue in Atlantic City in possession of eight ziploc bags containing suspected cocaine which he intended to "share" with or "sell" to others. The location of his arrest was within 1,000 feet of a school, contrary to N.J.S.A. 2C:35-7, and within 500 feet of a public park, contrary to N.J.S.A. 2C:35-7.1. He was charged and convicted of both offenses and sentenced to concurrent sentences. This appeal requires us to decide whether he was subjected to multiple punishments for the *692 same offense and, therefore, whether the two convictions should have been merged. We hold that merger was required and we remand for entry of an amended judgment of conviction.
Defendant was charged in Atlantic County Indictment No. 98-05-1137 with third degree possession of a controlled dangerous substance, cocaine, contrary to N.J.S.A. 2C:35-10a(1) (count one); third degree possession of a controlled dangerous substance, cocaine, with intent to distribute, contrary to N.J.S.A. 2C:35-5a(1) and 2C:35-5b(3) (count two); third degree conspiracy to possess a controlled dangerous substance, cocaine, with intent to distribute, contrary to N.J.S.A. 2C:5-2 and 2C:35-5b(3) (count three); third degree possession of a controlled dangerous substance, cocaine, with intent to distribute within 1,000 feet of school property, contrary to N.J.S.A. 2C:35-7 (count four); second degree possession of a controlled dangerous substance, cocaine, with intent to distribute within 500 feet of a public housing facility, public park, or public building, contrary to N.J.S.A. 2C:35-7.1 (count five); and fourth degree use of a paging device while engaged in the commission of a drug-related crime, contrary to N.J.S.A. 2C:33-20 (count six).
Defendant pleaded guilty to third degree possession of a controlled dangerous substance, cocaine, with intent to distribute within 1,000 feet of school property, N.J.S.A. 2C:35-7 (count four) (the school zone offense), and second degree possession of a controlled dangerous substance, cocaine, within 500 feet of a public housing facility, a public park, or a public building, N.J.S.A. 2C:35-7.1 (count five) (the public park offense).
Consistent with a plea agreement entered into between the State and defendant, the trial court imposed two concurrent five-year custodial terms, with a minimum of thirty months to be served before parole eligibility. The court also assessed the required Victims of Crime Compensation Board, Drug Enforcement and Demand Reduction, Safe Neighborhood Services Fund and Law Enforcement Officers Training and Equipment Fund penalties, as well as lab fees, on counts four and five, and suspended defendant's driving privileges for two years.
Defendant appeals and makes the following arguments:
POINT I
DEFENDANT'S THIRD DEGREE CONVICTION OF POSSESSION OF CDS WITH INTENT TO DISTRIBUTE WITHIN 1000 FEET OF A SCHOOL MUST BE MERGED INTO HIS SECOND DEGREE CONVICTION OF POSSESSION OF THE SAME CDS WITH INTENT TO DISTRIBUTE WITHIN 500 FEET OF A PUBLIC PARK. (Not raised below)
POINT II
DEFENDANT SHOULD BE AWARDED CREDIT FROM THE DATE OF HIS GUILTY PLEA TO THE DATE OF SENTENCE.
We have carefully reviewed the claim advanced in Point II and we conclude that it is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2); see State v. Black, 153 N.J. 438, 461, 710 A.2d 428 (1998).
As to the contention in Point I of defendant's brief, as previously noted, we agree with defendant that his third degree conviction under N.J.S.A. 2C:35-7 should have merged into his second degree conviction under N.J.S.A. 2C:35-7.1. However, we also hold that the provision for a mandatory minimum term in N.J.S.A. 2C:35-7 survives the merger and, accordingly, the thirty-month mandatory minimum sentence should be imposed on the second degree conviction under N.J.S.A. 2C:35-7.1.[1]
*693 N.J.S.A. 2C:35-7.1 was enacted after N.J.S.A. 2C:35-7 and raises the third degree offense of possession of a controlled dangerous substance with intent to distribute, N.J.S.A. 2C:35-5, to a second degree offense if the offense is committed within 500 feet of a public park, as occurred in this case.
N.J.S.A. 2C:35-7.1 provides in pertinent part:
a. Any person who violates subsection a. of N.J.S.A. 2C:35-5 by distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog while in, on or within 500 feet of the real property comprising a public housing facility, a public park, or a public building is guilty of a crime of the second degree except that it is a crime of the third degree if the violation involved less than one ounce of marijuana.
The statute further provides that:
c. Notwithstanding the provisions of N.J.S.A. 2C:1-8 or any other provisions of law, a conviction arising under this section shall not merge with a conviction for a violation of subsection a. of N.J.S.A. 2C:35-5 (manufacturing, distributing or dispensing) or N.J.S.A. 35-6 (employing a juvenile in a drug distribution scheme). Nothing in this section shall be construed to preclude or limit a prosecution or conviction for a violation of N.J.S.A. 2C:35-7 or any other offense defined in this chapter.
In determining that merger must occur in this case, we have considered three recent Supreme Court drug cases analyzing similar merger issues: State v. Gonzalez, 123 N.J. 462, 588 A.2d 816 (1991) (reversing on Judge Skillman's dissent in 241 N.J.Super. 92, 574 A.2d 487 (App.Div. 1990)); State v. Dillihay, 127 N.J. 42, 601 A.2d 1149 (1992); and State v. Maldonado, 137 N.J. 536, 645 A.2d 1165 (1994). We have also consulted the progeny of cases dealing with the issue of merger as it impacts on double jeopardy principles under the flexible approach applied by the Court in State v. Davis, 68 N.J. 69, 342 A.2d 841 (1975). See State v. Miller, 108 N.J. 112, 527 A.2d 1362 (1987).
In Gonzalez, the Supreme Court held as a matter of statutory interpretation that third or fourth degree convictions under section 5b, i.e., N.J.S.A. 2C:35-5b(3), (5), (9), (11), (12), (13), and (14), merge into convictions under section 7 (N.J.S.A. 2C:35-7). 123 N.J. 462, 588 A.2d 816.
In Dillihay, the Court considered the propriety of merging a conviction under section 7, the school zone offense, with a first and second degree conviction under section 5 (manufacturing, distributing or dispensing), and concluded that because there was only a single criminal transaction, non-merger of these convictions would violate federal double jeopardy principles. Dillihay, supra, 127 N.J. at 56, 601 A.2d 1149. In such circumstances, the Court determined that a conviction for a school zone offense must merge into a conviction for a related first or second degree offense under N.J.S.A. 2C:35-5b; however, the Court also held that a mandatory minimum sentence no less severe than that required by the school zone statute, N.J.S.A. 2C:35-7, must be imposed on a defendant convicted of a first or second degree section 5 offense. Ibid. In reaching that decision, the Court observed that courts considering such merger questions must "focus on the elements of the crime, the Legislature's intent in enacting the statutes, and the specific facts of each case." Id. at 47, 601 A.2d 1149 (citing State v. Cole, 120 N.J. 321, 327, 576 A.2d 864 (1990)).
In Maldonado, the Court applied this multi-step analysis and held that imposing separate sentences for a drug distribution conviction in a school zone under N.J.S.A. *694 2C:35-7, and for a drug death conviction under N.J.S.A. 2C:35-9, did not violate double jeopardy because "[n]either legislative intent nor constitutional limitations" required that the defendant's convictions for these offenses be merged. Maldonado, supra, 137 N.J. at 583, 645 A.2d 1165.
Applying the three step approach indicated in Dillihay, the Maldonado Court considered first whether the legislature intended to impose multiple punishments. It concluded that the legislative intent was unclear and therefore proceeded to consider the issue under the second Dillihay step. Id. at 582, 645 A.2d 1165. This step required an analysis under the test articulated in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932). Under that test, the court must "determine whether the defendant is unconstitutionally faced with multiple punishment for the `same' offense." Maldonado, supra, 137 N.J. at 580, 645 A.2d 1165 (quoting Dillihay, supra, 127 N.J. at 47-48, 601 A.2d 1149). Blockburger states that two offenses are considered to be the same unless "each [offense] requires proof of an additional fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309. See also Dillihay, supra, 127 N.J. at 47-48, 601 A.2d 1149. Applying this test, the Maldonado Court determined that the Legislature did not intend to prohibit multiple punishments for school zone and drug death convictions because the offenses had different elements and were not therefore "the same offense." Maldonado, supra, 137 N.J. at 582-83, 645 A.2d 1165.
Applying this framework here, we turn first to the question of legislative intent. In this case, N.J.S.A. 2C:35-7.1 does not contain an anti-merger provision prohibiting merger of a conviction under N.J.S.A. 2C:35-7 into a conviction under N.J.S.A. 2C:35-7.1. Neither does N.J.S.A. 2C:35-7 prohibit the merger of a school zone conviction into a public park conviction.[2]N.J.S.A. 2C:35-7 and 2C:35-7.1 only prohibit the merger of a conviction under each of those statutes with a conviction for a violation of N.J.S.A. 2C:35-5 (manufacturing, distributing or dispensing) and 2C:35-6 (employing a juvenile in a drug distribution scheme). Arguably, the absence of an anti-merger provision in section 7 and section 7.1 suggests a legislative intent to avoid multiple punishments for the simultaneous commission of a school zone offense and a public park offense. Certainly, there is no expressed intent to permit such punishment.
On the other hand, section 7.1 does state that "[n]othing in this section shall be construed to preclude or limit a prosecution or conviction for a violation of N.J.S.A. 2C:35-7," suggesting that merger was not intended. Indeed, the general merger statute, N.J.S.A. 2C:1-8, does not evince a legislative intent to prohibit multiple punishments for these two offenses because neither N.J.S.A. 2C:35-7 nor 2C:35-7.1 is an included offense of the other. See N.J.S.A. 2C:1-8a(1)d. The two offenses require proof of different facts: the school zone offense requires proof that defendant was within 1,000 feet of school property, while the public park offense requires proof that defendant was within 500 feet of a public park. Hence, it is arguable that the Legislature did intend to preclude merger of the offenses.
Because we cannot determine the legislative intent with certainty from these statutes, we proceed to the Blockburger inquiry, as required by Dillihay, to ascertain whether the convictions under N.J.S.A. 2C:35-7 and 7.1 are for the same offense. The quick answer to that question appears to be in the negative because each offense requires proof of an additional element or fact the other does not. See Maldonado, supra, 137 at 582, 645 A.2d 1165. However, we are guided by the principle that "where the legislative intent *695 is unclear ... `doubt will be resolved against turning a single transaction into multiple offenses.'" Dillihay, supra, 127 N.J. at 50, 601 A.2d 1149 (quoting Bell v. United States, 349 U.S. 81, 84, 75 S.Ct. 620, 622, 99 L.Ed. 905, 910-11 (1955)).
Thus, even if the two statutes technically are different offenses, that fact does not lead inexorably to the conclusion that multiple punishments for these offenses do not offend principles of double jeopardy. As instructed by Dillihay, we must examine the specific facts of each case in light of the "flexible" analysis permitted by State v. Davis, 68 N.J. 69, 81, 342 A.2d 841 (1975). See Maldonado, supra, 137 N.J. at 582, 645 A.2d 1165. The flexible approach allows us to examine whether multiple offenses, although similar, are "designed to protect the same or different interests." Ibid . (quoting Miller, supra, 108 N.J. at 116, 527 A.2d 1362). If they protect the same interests, multiple punishments for violation of those statutes is improper under double jeopardy principles.
We conclude that the interests protected by sections 7 and 7.1 are, in fact, the same interests. As we observed in Maldonado, "the school zone statute aims to protect children by `reduc[ing] drugs around school[s],'" Maldonado, supra, 137 N.J. at 582, 645 A.2d 1165 (quoting State v. Ivory, 124 N.J. 582, 595, 592 A.2d 205 (1991)). Section 7.1d states that it is an affirmative defense that the prohibited conduct did not involve distribution to a person seventeen years of age or younger. The availability of that defense convinces us that the interest protected by section 7.1 is the same interest protected by section 7, the protection of school children from the scourge of illegal drugs.
As the Court observed in Davis, merger is based on the principle that "an accused [who] has committed only one offense ... cannot be punished as if for two." Davis, supra, 68 N.J. at 77, 342 A.2d 841. "Merger implicates a defendant's substantive constitutional rights," Miller, supra, 108 N.J. at 116, 527 A.2d 1362 (citing State v. Truglia, 97 N.J. 513, 522, 480 A.2d 912 (1984); State v. Rodriguez, 97 N.J. 263, 271, 478 A.2d 408 (1984); State v. Davis, supra, 68 N.J. at 77, 342 A.2d 841), and requires an analysis similar to a double jeopardy analysis. Miller, supra, 108 N.J. at 116, 527 A.2d 1362 (citing State v. Mirault, 92 N.J. 492, 501, 457 A.2d 455 (1983)). The goal of that approach is "fairness and fulfillment of reasonable expectations in light of constitutional and common law goals." Davis, supra, 68 N.J. at 81, 342 A.2d 841 (quoting State v. Currie, 41 N.J. 531, 539, 197 A.2d 678 (1964)).
The flexible inquiry of Davis "focuses on the episodic fragments of the [criminal] events." Miller, supra, 108 N.J. at 116, 527 A.2d 1362 (citing Truglia, supra, 97 N.J. at 521, 480 A.2d 912). Davis "entail[s][an] analysis of the evidence [in a particular case] in terms of ... the time and place of each purported violation; whether the proof submitted as to one count of the indictment would be a necessary ingredient to a conviction under another count; whether one act was an integral part of a larger scheme or episode; the intent of the accused; and the consequences of the criminal standards transgressed," among other factors. 68 N.J. at 81, 342 A.2d 841.
In Davis, the Court held that a conviction for unlawful possession of a controlled dangerous substance did not merge with a conviction for distribution because there was no evidence that the possession was a "mere fleeting and shadowy incident of the sale." Id. at 83, 342 A.2d 841; see also State v. Valentine, 69 N.J. 205, 211, 351 A.2d 751 (1976) (possession with intent to distribute and distribution of heroin convictions do not merge where defendant carried a stock of heroin around for a time before selling some of it to an undercover agent). Accord State v. Jester, 68 N.J. 87, 342 A.2d 850 (1975); State v. Ruiz, 68 N.J. 54, 342 A.2d 833 (1975).
*696 Since Davis, we are instructed to analyze merger issues by focusing on the specific facts of each case. Applying that approach here, we conclude that defendant's conduct represented a single criminal event, the underlying offending conduct consisting solely of possession of cocaine on a single date, in a single location. Fortuitously, this single location fell within two statutorily separately prohibited zones, a school and a public park. Without additional facts to demonstrate that defendant's conduct was an integral part of a larger scheme, or was episodic in nature, we conclude that punishing him separately under each statute would violate double jeopardy principles, due process, and principles of fundamental fairness. While the State's argument is technically correct that the offenses underlying defendant's convictions are separate and distinct offenses, one involving a school zone, the other a public park, such a mechanistic approach is not reconcilable with the considerations of "`fairness and fulfillment of reasonable expectations'" given the circumstances of this case. Davis, supra, 68 N.J. at 81, 342 A.2d 841.
Therefore, we conclude that imposing two concurrent sentences on defendant for violating N.J.S.A. 2C:35-7 and 7.1 does not comport with traditional merger principles. Accordingly, merger of the third degree section 7 conviction into the second degree section 7.1 conviction was required, with the thirty-month parole disqualifier imposed under section 7, surviving the merger.
The sentence is reversed and the matter is remanded to the trial court for modification of the judgment of conviction in accordance with this decision.
NOTES
[1] It is unclear from the record whether the thirty-month minimum mandatory parole disqualifier was applied to defendant's sentence for his second degree conviction under N.J.S.A. 2C:35-7.1, as well as his conviction under N.J.S.A. 2C:35-7. However, our holding that the disqualifier survives the merger makes it unnecessary for us to remand for clarification of the issue.
[2] The Legislature did not amend N.J.S.A. 2C:35-7 to add a violation of N.J.S.A. 2C:35-7.1 to the anti-merger provision when section 7.1 was enacted.