896 A.2d 1153 (2006)
385 N.J. Super. 257
STATE of New Jersey, Plaintiff-Respondent,
v.
Heriberto SOTO, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted October 12, 2005.
Decided May 4, 2006.
*1154 Yvonne Smith Segars, Public Defender, attorney for appellant (Donald T. Thelander, Assistant Deputy Public Defender, of counsel and on the brief).
Peter C. Harvey, Attorney General, attorney for respondent (Robyn M. Mitchell, Deputy Attorney General, of counsel and on the brief).
*1155 Before Judges KESTIN, R.B. COLEMAN and SELTZER.
The opinion of the court was delivered by
R.B. COLEMAN, J.A.D.
On August 23, 2001, defendant, Heriberto Soto, was charged in Passaic County Indictment No. 02-03-0279, with the following offenses: third degree possession of a controlled dangerous substance (CDS), cocaine, N.J.S.A. 2C:35-10a(1) (count one); second degree possession of cocaine with the intent to distribute in a quantity of one-half ounce or more but less than five ounces, N.J.S.A. 2C:35-5a(1) and (b) (count two); third degree possession of CDS with the intent to distribute within 1000 feet of a school, N.J.S.A. 2C:35-7 (count three); second degree possession of CDS with the intent to distribute within 500 feet of public property, N.J.S.A. 2C:35-7.1 (count four); third degree possession of CDS, ecstasy pills, N.J.S.A. 2C:35-10a(1) (count five); third degree possession of a firearm, N.J.S.A. 2C:35-5f (count six); and second degree possession of a firearm while in the course of committing a narcotics offense, N.J.S.A. 2C:39-4.1 (count seven).
On July 15, 2002, defendant entered a plea of guilty to counts three and seven. Defendant failed to appear on the first date fixed for sentencing. Nevertheless, on January 10, 2003, the trial judge sentenced defendant, in accordance with the plea agreement, to a prison term of three years with an eighteen-month period of parole ineligibility on count three and to a five-year term, to be served consecutively, on count seven. The remaining five counts of the indictment were dismissed on the motion of the State.
Although counsel acknowledged an understanding at the sentencing hearing that there "must be a consecutive sentence, pursuant to law," on this appeal defendant argues:

POINT I: BECAUSE THE MERGER PROVISION OF N.J.S.A. 2C:39-4.1 VIOLATED THE DUE PROCESS AND DOUBLE JEOPARDY PROVISIONS OF THE STATE CONSTITUTION, THE SENTENCE IMPOSED ON THAT COUNT MUST BE VACATED.
Defendant contends the two convictions, for possession of CDS with the intent to distribute within 1000 feet of a school, N.J.S.A. 2C:35-7, and for possession of a firearm while in the course of committing a violation of N.J.S.A. 2C:35-7, N.J.S.A. 2C:39-4.1, must merge. That contention is a direct challenge to the validity of N.J.S.A. 2C:39-4.1d, which provides in pertinent part:
Notwithstanding the provisions of N.J.S.A. 2C:1-8 or any other provision of law, a conviction arising under this section shall not merge with a conviction for a violation of [N.J.S.A. 2C:35 et seq.] or [N.J.S.A. 2C:16-1 et seq.] nor shall any conviction under those sections merge with a conviction under this section. Notwithstanding the provisions of N.J.S.A. 2C:44-5 or any other provision of law, the sentence imposed upon a violation of this section shall be ordered to be served consecutively to that imposed for any conviction for a violation of any of the sections of [N.J.S.A. 2C:35 et seq.] or [N.J.S.A. 2C:16-1 et seq.] or a conviction for conspiracy or attempt to violate any of those sections.
Defendant argues that the provisions requiring non-merger and the imposition of consecutive sentences violate our State Constitution's double jeopardy clause, or in the alternative, the due process clause. We disagree and affirm defendant's convictions and sentence.
*1156 The United States Supreme Court in Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535, 542 (1983), explained that in cases involving multiple punishment, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Therefore, "[w]here ... a legislature specifically authorizes cumulative punishment under two statutes, ... a court's task of statutory construction is at an end ... and the trial court or jury may impose cumulative punishment[.]" Id. at 368-69, 103 S.Ct. at 679, 74 L.Ed.2d at 544.
In Ohio v. Johnson, then-Justice Rehnquist described the protections afforded by the bar on multiple punishment as follows:
In contrast to the double jeopardy protection against multiple trials, the final component of double jeopardyprotection against cumulative punishmentsis designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature. Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, the question under the Double Jeopardy Clause whether punishments are "multiple" is essentially one of legislative intent[.]
[Ohio v. Johnson, 467 U.S. 493, 499, 104 S.Ct. 2536, 2540-41, 81 L.Ed.2d 425, 433, reh'g denied, 468 U.S. 1224, 105 S.Ct. 20, 82 L.Ed.2d 915 (1984) (internal citations omitted).]
Therefore, the United States Supreme Court has determined explicitly that under the Federal Constitution "the constitutional protection against double jeopardy does not prohibit multiple punishment of two statutory offenses involving essentially the same conduct tried in a single trial when there is a clear expression of legislative intent to impose punishment for those offenses." State v. Churchdale Leasing, 115 N.J. 83, 105, 557 A.2d 277 (1989); Hunter, supra, 459 U.S. at 362, 103 S.Ct. at 676, 74 L.Ed.2d at 540.
In Churchdale, the New Jersey Supreme Court commented that "One might wonder ... whether the constitutional protection against the imposition of multiple punishments serves any useful purpose if it permits multiple punishments only when the Legislature so intends." Ibid. The Court also observed:
In the past, we have interpreted the double-jeopardy clause under the State Constitution as co-extensive with the federal clause. That interpretation evolved, however, in the context of multiple prosecutions, not multiple penalties. At some point we may be obliged to reconcile the statement in Hunter that multiple punishment may be imposed if the Legislature clearly so intends with a conflicting proposition from our own cases. The conflicting proposition is that the Legislature would exceed its authority if in creating two offenses it simply applied different labels to the same offense. See State v. Davis, 68 N.J. 69, 80, 342 A.2d 841 (1975). To date, we have not specified whether that proposition emanates from double jeopardy, substantive due process, or some other legal principle. State v. Truglia, 97 N.J. 513, 522, 480 A.2d 912 (1984); State v. Best, 70 N.J. 56, 59, 356 A.2d 385 (1976).
[Id. at 107, 557 A.2d 277 (emphasis added) (internal citations omitted).]
We need not enter the fray and determine what the Supreme Court would do if the conflict envisioned in Churchdale were presented. Here, we are not confronted with such a conflict. The issue of convictions under two different statutory provisions for the same conduct does not arise in this case.
*1157 In N.J.S.A. 2C:49-4.1d, the Legislature did not simply rename the same offense in order to create two separate offenses. The conduct punished by the challenged statutory provision, N.J.S.A. 2C:39-4.1, is the possession of drugs with the intent to distribute in a school zone while in possession of a weapon. The drug offense and the weapon offense are clearly separate offenses for which separate punishments are prescribed. The intent of N.J.S.A. 2C:39-4.1 is to extinguish "the `mere presence of guns' at the scene where the drug offense is committed and the threat of violence posed when guns are available to a drug dealer." State v. Harrison, 358 N.J.Super. 578, 584, 818 A.2d 487 (App.Div.2003), aff'd sub nom. State v. Spivey, 179 N.J. 229, 844 A.2d 512 (2004). By comparison, "the school zone statute aims to protect children by `reduc[ing] drugs around school[s][.]'" State v. Parker, 335 N.J.Super. 415, 424, 762 A.2d 690 (App.Div.2000) (first and second alterations in original) (citations omitted).
Moreover, in order to establish a violation of N.J.S.A. 2C:39-4.1, the State must establish beyond a reasonable doubt that "defendant simultaneously possessed the firearm and drugs" and that "the firearm was possessed `while in the course of committing' a statutorily specified crime." Spivey, supra, 179 N.J. at 236, 844 A.2d 512. As the Court recognized:
[t]he language "while in the course of committing" does suggest ... a temporal and spatial link between the possession of the firearm and the drugs that defendant intended to distribute. The evidence must permit the jury to infer that the firearm was accessible for use in the commission of the crime. The inference to be drawnthat the gun was possessed in the course of committing the drug offensebecomes more tenuous the further removed the gun is from the drugs.

Id. at 239, 844 A.2d 512.
By the same token, "[t]he closer in proximity a firearm is to drugs, the stronger and more natural the inference that the two are related to a common purpose." Id. at 240, 844 A.2d 512.
In State v. Dillihay, 127 N.J. 42, 44-45, 601 A.2d 1149 (1992), the Court held that merger was necessary despite the anti-merger provision contained in N.J.S.A. 2C:35-7. In Dillihay, defendant was convicted for possession of drugs with the intent to distribute and possession of drugs with the intent to distribute within a school zone. Id. at 45, 601 A.2d 1149. Defendant's convictions stemmed from a single criminal transaction. Ibid. The Court determined that it "need not invalidate the school-zone statute on constitutional grounds ... if the non-merger language [could] be understood in a manner that would be consistent with constitutional principles." Id. at 52, 601 A.2d 1149. Therefore, the Court concluded that:
the legislative purpose in enacting the school-zone statute can best be served, consistent with double-jeopardy principles, by requiring merger of Section 7 convictions into related first-or second-degree Section 5 convictions and construing Section 5 and Section 7 to require that any sentence imposed on a defendant convicted of Section 5 offenses within a school zone must include a mandatory minimum sentence no less severe than that set forth in Section 7 of the Act.
[Id. at 56, 601 A.2d 1149.]
Consistent with Dillihay, we determined in Parker, supra, 335 N.J.Super. at 418, 762 A.2d 690, that the defendant could not be punished separately under N.J.S.A. 2C:35-7, for third degree possession of CDS with the intent to distribute within *1158 1000 feet of school property and under N.J.S.A. 2C:35-7.1, for second degree possession of CDS within 500 feet of a public park. In spite of the anti-merger provision of N.J.S.A. 2C:35-5c, we held merger was required because "defendant's conduct represented a single criminal event, the underlying offending conduct consisting solely of possession of cocaine on a single date, in a single location[,]" that "[f]ortuitously... fell within two separately statutorily prohibited zones, a school and a park." Parker, supra, 335 N.J.Super. at 426, 762 A.2d 690 (App.Div.2000).
"[W]hat is disallowed is double punishment for the same offense." Davis, supra, 68 N.J. at 77, 342 A.2d 841 (1975). "If an accused has committed only one offense he cannot be punished as if for two." Ibid. The facts of this case are distinguishable from those in Dillihay and Parker since defendant was convicted of a drug charge and a weapon charge. Defendant admitted in his allocution that he possessed both the drugs and the gun that were uncovered in his home and that he possessed the drugs with the intention of distributing them. He also acknowledged and admitted that his home was within 1000 feet of a functioning grammar school. Thus, defendant is being punished for possessing drugs with the intent to distribute within 1000 feet of a school and the separate and distinct crime of unlawful possession of a firearm while committing that drug offense.
The Legislature determined unequivocally that a defendant's sentence should be enhanced if he or she possesses a weapon while illegally possessing drugs with the intent to distribute. Under the facts of this case, we observe no constitutional violation in the application of the anti-merger and consecutive sentencing provisions of N.J.S.A. 2C:39-4.1. Simply put, there is no multiple punishment for the same conduct. "In enacting the Comprehensive Drug Reform Act of 1986, the Legislature declared its `intention to ... provide for the strict punishment, deterrence and incapacitation of the most culpable and dangerous drug offenders....'" State v. Lewis, 185 N.J. 363, 370, 886 A.2d 643 (2005) (first alteration in original) (citations omitted). The possession of the weapon while committing the drug offense results in a more severe punishment. The determination by the Legislature that the drug and weapon offenses shall not merge and its directive for consecutive sentencing are merely the mechanisms for the imposition of stricter punishment. As the Davis Court observed:
while a court need not automatically accept the legislative enactment as controlling on the question of whether or not separate offenses have been delineated, the legislature may, nevertheless, within its constitutional authority, devise reasonable means to combat a social evil such as illegal trafficking in drugs [and the threat of violence posed when guns are available] and may endeavor to deter the recurrence of the proscribed conduct.
[Davis, supra, 68 N.J. at 78, 342 A.2d 841.]
In the instant case, we conclude the legislative intent is clear and the means of accomplishing same is reasonable.
We now address defendant's last two assertions. Defendant's challenge under the due process clause related to the Comprehensive Drug Act of 1986 has been previously rejected. See State v. Anaya, 238 N.J.Super. 31, 39-40, 568 A.2d 1208 (App.Div.1990). We continue to adhere to the position expressed by Judge Stern for this court in Anaya.
Finally, the onerous collateral consequences defendant raises, such as parole ineligibility and persistent offender status *1159 stemming from the two convictions, do not implicate any constitutional right, either under the Federal or the State Constitutions. See George C. Thomas III, A Blameworthy Act Approach to the Double Jeopardy Same Offense Problem, 83 Calif. L.Rev. 1027, 1052 (1995) ("Though multiple convictions create more onerous collateral consequences[,] ... the clarity of the legislative intent makes this difference constitutionally irrelevant. If the legislature makes clear that it wants two convictions, then it wants whatever collateral consequences attend two convictions, and can have those consequences as long as the total punishment is not cruel and unusual under the Eighth Amendment.").
Affirmed.