**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2049-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TORELL BROWN,

    Defendant-Appellant.

_____

Submitted May 9, 2017 — Decided September 8, 2017

Before Judges Reisner and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Essex County, Indictment No. 14-
05-1365.

Joseph E. Krakora, Public Defender, attorney
for appellant (Michele A. Adubato, Designated
Counsel, on the brief).

Carolyn A. Murray, Acting Essex County
Prosecutor, attorney for respondent (Maria I.
Guerrero, Special Deputy Attorney General/
Acting Assistant Prosecutor, of counsel and
on the brief).

PER CURIAM

Following a jury trial, defendant Torell Brown appeals his

conviction for various controlled dangerous substance (CDS)

offenses, and imposition of an aggregate ten-year prison term with five years of parole ineligibility.

Before us, defendant raises the following issues:

POINT I
THE TESTIMONY OF THE DRUG EXPERT EXCLUDED THE BOUNDS OF ACCEPTABLE EXPERT TESTIMONY AND DEPRIVED DEFENDANT OF A FAIR TRIAL. (Not raised below).

POINT II
THE PROSECUTOR'S COMMENT DURING SUMMATION REGARDING DEFENDANT'S FAILURE TO TESTIFY WAS GROSSLY IMPROPER AND DEPRIVED DEFENDANT OF A FAIR TRIAL. (Not raised below).

POINT III
IT WAS ERROR FOR THE COURT TO FAIL TO MERGE THE POSSESSION AND POSSESSION WITH INTENT TO DISTRIBUTE OFFENSES WITH THE POSSESSION WITHIN 1,000 FEET OF A SCHOOL AND 500 FEET OF PUBLIC HOUSING.

POINT IV
THE MAXIMUM EXTENDED TERM SENTENCE IMPOSED UPON THE DEFENDANT OF TEN (10) YEARS WITH FIVE (5) YEARS OF PAROLE INELIGIBILITY WAS EXCESSIVE AND SHOULD BE MODIFIED.

After reviewing the record in light of the contentions advanced on appeal, we affirm the conviction, but remand for resentencing.

I.

We briefly summarize the relevant facts from the record before us. City of Newark Police Officers Onofre Cabezas and Roger Mendes were dressed in plainclothes and patrolling in an unmarked vehicle near a public housing complex and a school, when Cabezas noticed

what he thought was defendant and another man involved in a hand-to-hand drug transaction. After the man gave defendant currency, Cabezas observed defendant retreat to a nearby building to retrieve drugs from inside a metal grate and then return to give them to the man. Cabezas subsequently stopped defendant while Mendes located the drugs. Following defendant's arrest, a search revealed that he was in possession of $140 in small bills. Lab testing later determined the drugs were heroin and crack cocaine.

Essex County Prosecutor's Office Investigator Michael Bettin provided expert testimony regarding the packaging of heroin and cocaine for street-level drug transactions, the reasons a seller would place drugs in a stash location, and the monetary value of the drugs. In response to the prosecutor's hypothetical question, which was similar to the transaction observed by Cabezas and seizure of money from defendant, Bettin testified that a hand-to-hand drug transaction had occurred. Bettin never opined as to defendant's intent to distribute CDS. Defendant neither objected to the hypothetical presented to Bettin nor Bettin's response.

Defendant did not testify. During summation, the prosecutor commented on a photo showing the vantage point of the observation of defendant's drug sale, stating:

> And, ladies and gentlemen, let me also point
> out to you this is the only photo we have that
> . . . has been confirmed to be an accurate

representation of what the officers saw that
day by one of the officers who was there that
day. Remember the only two people that were
there, besides Torell Brown on March 4, 2014
were Officers Onofre Cabezas and Roger Mendes.

In charging the jury, the trial judge commented on Bettin's testimony, stating:

In this case, Michael Bettin was called as an
expert in street level narcotics. You are not
bound by such expert's opinion. But you
should consider each opinion and give it
weight to which you deem it is entitled.
Whether it be great or slight; or may reject
it.

The jury found defendant guilty of all offenses charged: third-degree possession of heroin, N.J.S.A. 2C:35-10a (count one); third-degree possession of heroin with the intent to distribute, N.J.S.A. 2C:35-5(a)(1), b(3) (count two); third-degree possession of heroin with the intent to distribute within a 1,000 feet of school property, N.J.S.A. 2C:34-7(a) (count three); second-degree possession of heroin with the intent to distribute within 500 feet of a public housing facility, N.J.S.A. 2C:35-7.1(a) (count four); third-degree possession of cocaine, N.J.S.A. 2C:35-10 (a) (count five); third—degree possession of cocaine with the intent to distribute, N.J.S.A. 2C:35-5a(1), b(3) (count six); third-degree possession of cocaine with the intent to distribute within a 1,000 feet of school property, N.J.S.A. 2C:35-7(a) (count seven); and

second-degree possession of cocaine within 500 feet of a public housing facility, N.J.S.A. 2C:35-7.1(a) (count eight).

At sentencing, the judge stated:

> the [c]ourt finds aggravating factor number three: the risk that Mr. Torell Brown will commit another offense, and the [c]ourt does that based on an extensive history, and also there's nothing from his history that would detract from the reasonable likelihood that he — he would offend again. His history is replete with violations of law, drug laws and other laws, and I give this heavy weight.
>
> The extent I find number six: the extent of his prior criminal record and the seriousness of the [] offenses he's been convicted of. I previously recited them. I find that . . . I accorded heavy weight given the number of convictions he's had. And there's a need to deter Mr. Torell Brown from violating the law. The defendant has had the benefit of probation on [] a couple of occasions' more importantly he has been convicted five times and served time and that did not detract him from again violating the law and as per the jury's verdict. So I find aggravating factor number nine as well and I give that heavy weight as well.
>
> . . . .
>
> [W]hen I add the aggravating factors which are three, six and nine, and I accord each one of them heavy weight, and I find no mitigating factors, clearly the aggravating factors more than preponderate over the mitigating factors which means that he should be sentenced in the higher range.

The judge denied the State's motion to sentence defendant as a persistent offender, N.J.S.A 2C:44-3(a), but granted its motion to impose an extended term, N.J.S.A 2C:43-6(f), based on his prior convictions. Defendant had six convictions for intent to distribute CDS, four of which were in a school zone.

Without merging any offenses, the judge imposed the following sentences, to be served concurrently: count one, ten years with 5 years of parole ineligibility; count two, five years; count three, five years; count four, ten years; count five, five years; count six, five years; count seven, five years; and count eight, ten years. Defendant therefore received an aggregate ten-year prison term with five years of parole ineligibility.

## II.

Defendant's contentions in Point I and II are raised for the first time on appeal; therefore, we review them under the plain error standard. R. 2:10-2. Plain error is an "error possessing a clear capacity to bring about an unjust result and which substantially prejudiced the defendant's fundamental right to have the jury fairly evaluate the merits of his [or her] defense." State v. Timmendequas, 161 N.J. 515, 576-77 (1999) (quoting State v. Irving, 114 N.J. 427, 444 (1989)), cert. denied, 534 U.S. 858, 122 S. Ct. 136, 151 L. Ed. 2d 89 (2001). A reversal based on plain error requires us to find that the error likely led to an

unjust result that is "sufficient to raise a reasonable doubt as to whether the error led the jury to a result it otherwise might not have reached." State v. Williams, 168 N.J. 323, 336 (2001) (quoting State v. Macon, 57 N.J. 325, 336 (1971)).

In Point I, defendant contends the trial judge erred by permitting Bettin's testimony that a hand-to-hand drug transaction occurred when Bettin responded to the prosecutor's hypothetical that included a detailed recitation of facts similar to the factual allegations against defendant. Defendant argues that Bettin effectively opined that defendant was selling drugs, which was an issue reserved for the jury. We disagree.

Appellate courts use an abuse of discretion standard in reviewing the trial judge's admission of expert testimony. Townsend v. Pierre, 221 N.J. 36, 52 (2015) (citing State v. Berry, 140 N.J. 280, 293 (1995)). Under our rules of evidence, expert testimony is permissible "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue[.]" N.J.R.E. 702. Expert testimony "otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." N.J.R.E. 704. Nevertheless, an expert opinion is not admissible unless the "testimony concerns a subject matter beyond

the ken of an average juror[.]" <u>State v. Reeds</u>, 197 <u>N.J.</u> 280, 290 (2009).

> Thus, expert testimony on the ultimate issue of whether a defendant intended to distribute drugs is permissible only if it "will assist the trier of fact to understand the evidence or determine a fact in issue," <u>N.J.R.E.</u> 702, and "may be excluded if its probative value is substantially outweighed by the risk of . . . undue prejudice," <u>N.J.R.E.</u> 403; <u>State v. Sowell</u>, 213 <u>N.J.</u> 89, 100 (2013).
>
> [<u>State v. Cain</u>, 224 <u>N.J.</u> 410, 421 (2016) (alteration in original).]

Although expert testimony in drug cases is allowable, our Supreme Court has recently placed certain limitations on the scope of drug expert testimony in criminal cases. <u>Id.</u> at 426-27; <u>State v. Simms</u>, 224 <u>N.J.</u> 393, 403-04 (2016). For example, experts can explain how drug traffickers package and process drugs for distribution, and the value of drugs. <u>Cain</u>, <u>supra</u>, 224 <u>N.J.</u> at 426. "Experts may also provide insight into the roles played by individuals in street-level drug transactions, and into the various machinations used by drug dealers to thwart detection[.]" <u>Ibid</u>. (citing <u>Berry</u>, <u>supra</u>, 140 <u>N.J.</u> at 301-02 and <u>State v. Nesbitt</u>, 185 <u>N.J.</u> 504, 515 (2016)). Thus, the Court has explained:

> The average juror is not knowledgeable about the arcana of drug-distribution schemes. Law enforcement officers with extensive training, education, and experience of the drug world have "specialized knowledge [that] will assist the trier of fact to understand the evidence

or determine a fact in issue." N.J.R.E. 702. Experts can help jurors understand the indicia of a distribution operation, such as how drug traffickers package and process drugs for distribution.

[Ibid. (alteration in original) (citing State v. Odom, 116 N.J. 65, 73-75 (1989)).]

Nevertheless, drug experts "should not express an opinion on matters that fall within the ken of the average juror or offer an opinion about the defendant's guilt." Ibid. (citing Nesbitt, supra, 185 N.J. at 512-14). "Nor should an expert be used to bolster a fact witness's 'testimony about straightforward, but disputed, facts.'" Id. at 426-27 (citing State v. McLean, 205 N.J. 438, 455 (2011)).

Accordingly, the Court has curtailed the permissible scope of drug experts and has held that "[g]oing forward, in drug cases, an expert witness may not opine on the defendant's state of mind. Whether a defendant possessed a controlled dangerous substance with the intent to distribute is an ultimate issue of fact to be decided by the jury." Id. at 429. In that regard, the Court has reasoned:

We have come to the conclusion that an expert is no better qualified than a juror to determine the defendant's state of mind after the expert has given testimony on the peculiar characteristics of drug distribution that are beyond the juror's common understanding. In drug cases, such ultimate-issue testimony may be viewed as an expert's quasi-pronouncement

of guilt that intrudes on the exclusive domain
of the jury as factfinder and may result in
impermissible bolstering of fact witnesses.
The prejudice and potential confusion caused
by such testimony substantially outweighs any
probative value it may possess.

[Id. at 427-28.]

The Court has also placed limitations on the use of hypothetical questions posed to experts. Id. at 429. Thus, the court held: "To the extent possible, questions posed to an expert witness in a drug case should be compact and easy to understand and should not take the form of a summation." Id. at 430. The court further explained that, "[w]hen the evidence is straightforward and the facts are not in dispute, there is no need to resort to a hypothetical." Id. at 429.

With these principles in mind, we discern no plain error in allowing Bettin's expert testimony. His testimony was appropriately limited to explaining to the jury the arcane world of street-level drugs sales: the packaging of the drugs, the value of drugs, the stashing of drugs, and how a sales transaction might occur. Bettin was not asked and did not offer an opinion as to whether defendant had or did not have an intention to distribute drugs. The jury was therefore left free to make the ultimate determination of whether defendant possessed CDS with the intent to distribute. Moreover, the absence of an objection and the

totality of the evidence in this case lead us to conclude that Bettin's testimony was not particularly prejudicial or likely to lead "the jury to a result it otherwise might not have reached." Macon, supra, 57 N.J. at 336.

In Point II, defendant argues that the prosecutor's summation comment violated his Fifth Amendment right to remain silent. We disagree.

While prosecutors are entitled to zealously argue the merits of the State's case, State v. Smith, 212 N.J. 365, 403 (2012), cert. denied, 568 U.S. 1217, 133 S. Ct. 1504, 185 L. Ed. 2d 558 (2013), they occupy a special position in our system of criminal justice. State v. Daniels, 182 N.J. 80, 96 (2004). "[A] prosecutor must refrain from improper methods that result in a wrongful conviction, and is obligated to use legitimate means to bring about a just conviction." Ibid. (quoting State v. Smith, 167 N.J. 158, 177 (2001)). It is well settled that a prosecutor's summation cannot comment that a defendant's failure to testify is evidence of guilt. State v. Bogus, 223 N.J. Super. 409, 422 (App. Div. 1988)(citing Griffin v. California, 380 U.S. 609, 615, 85 S. Ct. 1229, 1233, 14 L. Ed. 2d 106 (1965); State v. Lanzo, 44 N.J. 560, 563 (1965)).

Even if the prosecutor exceeds the bounds of proper conduct, "[a] finding of prosecutorial misconduct does not end a reviewing

court's inquiry because, in order to justify reversal, the misconduct must have been 'so egregious that it deprived the defendant of a fair trial.'" Smith, supra, 167 N.J. at 181 (quoting State v. Frost, 158 N.J. 76, 83 (1999)). One factor to consider is whether there was a proper and timely objection to the comment, State v. Jackson, 211 N.J. 394, 409 (2012), because the lack of any objection indicates defense counsel "perceived no prejudice." Smith, supra, 212 N.J. at 407.

Here, we conclude that the prosecutor's summation comment was not improper. Simply put, the comment that, "the only two people that were there besides [defendant] . . . were [Cabezas and Mendes,]" was not an attempt to convince the jury that defendant was guilty because he did not testify. The comment was a challenge to defendant's contention that a photo in evidence did not establish that the police did not have an adequate vantage point to observe defendant's hand-to-hand drug transaction. Additionally, defendant's lack of objection demonstrates that the comment was not prejudicial.

### III.

Finally, we address defendant's challenge to his sentence due to lack of merger and excessiveness. We also address the State's contention that the sentence is illegal because the judge did not properly impose a parole ineligibility period.

12

We agree with defendant's argument in Point III, as does the State, that the judge should have merged certain offenses. Count one, possession of heroin, count two, possession of heroin with intent to distribute, and count three, possession of heroin with the intent to distribute within a school zone, should have been merged into count four, possession of heroin with the intent to distribute within 500 feet of a public housing facility. See State v. Wright, 312 N.J. Super. 442, 455 (App. Div.) (citing State v. Rechtschaffer, 70 N.J. 395, 411 (1976)), certif. denied, 156 N.J. 425 (1998); State v. Parker, 335 N.J. Super. 415, 426 (App. Div. 2000) (citing State v. Davis, 68 N.J. 69, 81 (1975)). Additionally, count five, possession of cocaine, count six, possession of cocaine with the intent to distribute, and count seven, possession of cocaine with the intent to distribute within a school zone, should have been merged into count eight, possession of cocaine with the intent to distribute within 500 feet of a public housing facility. Ibid.; see Wright, supra, 312 N.J. Super. at 455 (citing Rechtschaffer, supra, 70 N.J. at 411), certif. denied, 156 N.J. 425 (1998); State v. Parker, supra, 335 N.J. Super. at 426 (App. Div. 2000) (citing Davis, 68 N.J. at 81). Hence, we remand for merger despite the fact that it does not affect the aggregate term of defendant's sentence. See State v.

Soto, 340 N.J. Super. 47, 69 (App. Div.), certif. denied, 170 N.J. 209, (2001).

We, however, disagree with defendant, as does the State, that counts four and eight should be merged. These counts are for different CDS, heroin and cocaine. Thus, they should not be merged. State v. Jordan, 235 N.J. Super. 517, 519-21 (App. Div.), certif. denied, 118 N.J. 224 (1989).

In Point IV, defendant argues that his sentence was excessive because the judge should not have granted the State's motion for an extended term sentence. He maintains that the police observed him making one drug sale and that he possessed third-degree quantity of drugs. He asserts that, since the judge imposed flat sentences on counts two through eight, he should have sentenced defendant on count one to five years with two and one-half years of parole ineligibility. We are not persuaded.

We begin by noting that review of a criminal sentence is limited. A reviewing court must decide "whether there is a 'clear showing of abuse of discretion.'" State v. Bolvito, 217 N.J. 221, 228 (2014) (quoting State v. Whitaker, 79 N.J. 503, 512 (1979)). Under this standard, a criminal sentence must be affirmed unless: "(1) the sentencing guidelines were violated; (2) the findings of aggravating and mitigating factors were not 'based upon competent credible evidence in the record;' or (3) 'the application of the

guidelines to the facts' of the case 'shock[s] the judicial conscience.'" Ibid. (alteration in original) (citation omitted). If a sentencing court properly identifies and balances the factors and their existence is supported by sufficient credible evidence in the record, this court will affirm the sentence. See State v. Carey, 168 N.J. 413, 426-27 (2001); State v. Megargel, 143 N.J. 484, 493-94 (1996).

Upon the State's motion, a trial court shall impose an extended-term sentence in accordance with N.J.S.A. 2C:43-6(f) which provides:

> A person convicted of . . . possessing with intent to distribute any . . . controlled substance . . . under N.J.S.A. 2C:35-5, . . . who has been previously convicted of manufacturing, distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog, shall upon application of the prosecuting attorney be sentenced by the court to an extended term as authorized by subsection c. of N.J.S.A. 2C:43-7, notwithstanding that extended terms are ordinarily discretionary with the court.

In sentencing a defendant to an extended term pursuant to N.J.S.A. 2C:43-6(f), the court may impose a prison term between five and ten years for convictions of third-degree crimes. N.J.S.A. 2C:43-7(a)(4).

In accord with the record, the judge appropriately granted the State's motion for an extended term sentence. The sentence

15

is consistent with our sentencing guidelines and does not shock the conscience. Therefore, we shall not disturb the trial court's extended term.

The remaining sentencing issue involves the State's contention that the judge failed to set a period of parole ineligibility on the sentence imposed for counts four and eight, as required by N.J.S.A. 2C:35-7. We agree.

N.J.S.A. 2C:35-7 provides that any person guilty of possession of cocaine within 1000 feet of a school zone,

> is guilty of a crime of the third degree and shall, except as provided in N.J.S. 2C:35-12, be sentenced by the court to a term of imprisonment. . . . [T]he term of imprisonment shall include the imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed, or three years, whichever is greater, during which the defendant shall be ineligible for parole.

N.J.S.A. 2C:35-12, provides for a waiver of mandatory minimum and extended terms for cases where "the defendant has pleaded guilty pursuant to a negotiated agreement or, in cases resulting in trial, the defendant and the prosecution have entered into a post-conviction agreement, which provides for a lesser sentence, period of parole ineligibility or anti-drug profiteering penalty."

In State v. Kearns, 393 N.J. Super. 107, 113 (App. Div. 2007), we concluded that the mandatory minimum period of parole ineligibility is compulsory and the failure to set one would make

16

the sentence illegal, subject to correction at any time. Such change may be made by the court sua sponte. See State v. James, 165 N.J. Super. 173, 178-79 (App. Div. (1979). Thus, the sentence should be modified to specify a period of parole ineligibility under N.J.S.A. 2C:35-7.

We affirm the convictions, but remand for resentencing consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION