859 A.2d 734 (2004)
372 N.J. Super. 489
STATE of New Jersey, Plaintiff-Respondent,
v.
Ronald WESNER, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted September 20, 2004.
Decided October 27, 2004.
*735 Yvonne Smith Segars, Public Defender, attorney for appellant (Susan Green, Assistant Deputy Public Defender, of counsel and on the brief).
Joseph L. Bocchini, Jr., Mercer County Prosecutor, attorney for respondent (Dorothy Hersh, Assistant Prosecutor, of counsel and on the brief).
Before Judges A.A. RODRÍGUEZ, CUFF and WEISSBARD.
The opinion of the court was delivered by
RODRÍGUEZ, A. A., J.A.D.
In this appeal we hold that in a criminal case, if facts are stipulated, the judge should not tell the jurors that they are "bound" by such stipulated facts, if to do so would result in a directed verdict of any element of an offense charged. Nonetheless, we affirm the conviction because the judge advised the jurors repeatedly that the State had the burden of proving each element of the offenses charged beyond a reasonable doubt. These instructions dissipated any negative impact of the comment about the stipulation.
Following a jury trial, defendant Ronald Wesner was convicted of fourth degree possession of a controlled dangerous substance (marijuana), N.J.S.A. 2C:35-10a(3) (count I); third degree possession of marijuana with intent to distribute, N.J.S.A. 2C:35-5a(1) and -5b(11) (count II); third degree possession of marijuana with intent to distribute while within 1,000 feet of school property, N.J.S.A. 2C:35-7, 2C:35-5a(1) and -5b(11) (count III); and second degree possession of marijuana with intent to distribute while within 500 feet of a public park, N.J.S.A. 2C:35-7.1, 2C:35-5a(1) and -5b(11) (count IV). The judge denied defendant's motion for a new trial. After merging counts I and II with count III, the judge imposed a four-year term with a three-year period of parole ineligibility, and a concurrent five-year term.
On appeal, defendant challenges two jury instructions. We reject these challenges. In addition, defendant contends that his convictions for possession of marijuana with intent to distribute within a school zone (N.J.S.A. 2C:35-7) and near a public park (N.J.S.A. 2C:35-7.1) should have been merged. The State concedes *736 this error.[1] Therefore, the judgment of conviction is modified to reflect the merger of counts III and IV. As modified, the judgment is affirmed.
The proofs presented by the State can be summarized as follows. The Mercer County Prosecutor's Office initiated an investigation of defendant, which led to the issuance of a search warrant of defendant's residence in Ewing Township. The home is located directly across from Moody Park. A warrant for defendant's vehicle was also issued. On July 18, 2000, Sergeant William Straniero, Lieutenant Al Paglione, and other detectives from the Prosecutor's Office executed the search warrants. As the police officers approached defendant's residence, defendant was seen departing in his vehicle. The officers followed the vehicle and attempted unsuccessfully to stop it. There was a pursuit. Defendant was stopped approximately two miles away by marked police units.
Defendant was taken to police headquarters. A search of defendant's vehicle revealed a "roach clip," a device used to hold a marijuana cigarette. The officers also searched defendant's residence. There, Sergeant Straniero found a digital scale, a one hundred dollar bill and a black duffel bag containing four plastic bags with a brick of marijuana. Another officer seized a plastic tub containing marijuana prepackaged in different quantities. The State Police laboratory analysis indicates that the bag contained 957 grams of marijuana and the tub 1,012 grams, for a combined total of approximately 4.3 pounds.
After consulting with his attorney, defendant agreed to give a statement to the officers. On the back of the Uniform Mercer County Rights form, defendant wrote the following:
[a] search warrant was executed on my residence, 1728 Prospect Street, Trenton, New Jersey, 7-18-2000, and as a result roughly four pounds of marijuana was found. My wife had absolutely no knowledge of the existence in the house or of any extracurricular activities.
At the beginning of trial, the judge told the jury that the parties had entered into several stipulations. The judge said:
Ladies and gentlemen, you're going to be the judges of the facts as jurors. You're going to be the finders of the facts, you're going to have to determine what the facts are. Having said that, however, there are certain facts, which will not be necessary for you to find. In fact, these facts, as a matter of law, are facts in this case having been stipulated to by Jay Hindman, the Assistant Prosecutor, John S. Furlong, the defense attorney, and the defendant, Ronald Wesner. These are facts, which you will not have to find from the testimony in this case. I'm going to read this stipulation right now.
1. At all relevant times named in the Indictment, the defendant lived at 1728 Prospect Street, Trenton, New Jersey, 08638. The actual address is located in Ewing Township, within 500 feet of Moody Park, and within one thousand feet of the Alfred Reed School.
2. Evidence seized from the home of the defendant was maintained in the ordinary course of business by the Mercer County Prosecutor, whose agents are responsible for transporting the controlled substances seized to the New Jersey State Police Laboratory for examination, and the controlled substances *737 are in substantially the same condition now as they were on July 18th, 2000.
3. A laboratory report was prepared by the examiner setting forth the results of testing and that report has been tendered to the defense as provided by law.
The judge then said:
You are bound by these facts for purposes of this case. So all the other facts you'll be the judge of the facts.
At trial, Lieutenant Paglione qualified as an expert and testified that based on the weight and packaging of the marijuana, as well as the digital scale, defendant possessed the substance for distribution purposes. Paglione estimated that if this high-grade marijuana was repackaged into seventy individual ounce sales, it would be worth approximately $14,000.

I
On appeal, defendant contends that:
THE TRIAL COURT'S INSTRUCTIONS TO THE JURY ON STIPULATED FACTS DIRECTED THE JURY'S VERDICT AND THUS DENIED DEFENDANT THE RIGHT TO TRIAL BY JURY AND DUE PROCESS OF LAW. U.S. CONST. AMEND. V, VI AND XIV, N.J. CONST. (1947), ART. 1, ¶ 1 (Partially Raised Below).[2]
We are not persuaded by this contention. We are mindful that a criminal conviction must rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt. United States v. Gaudin, 515 U.S. 506, 510, 115 S.Ct. 2310, 2313, 132 L.Ed.2d 444-449 (1995) (citation omitted). No matter how compelling the evidence, a judge may not direct a verdict against a defendant in a criminal case. State v. Collier, 90 N.J. 117, 122, 447 A.2d 168 (1982); see also United States v. Martin Linen Supply Co., 430 U.S. 564, 572-73, 97 S.Ct. 1349, 1355, 51 L.Ed.2d 642, 652 (1977); State v. Simon, 79 N.J. 191, 199, 398 A.2d 861 (1979).
Here, the judge used a poor choice of words in instructing the jurors that they were "bound" by the stipulated facts. The instruction was incorrect and misleading. A stipulation of fact is nothing more than evidence that is uncontroverted. However, a jury is free to reject any evidence, including that which is uncontroverted. State v. Ragland, 105 N.J. 189, 218-19, 519 A.2d 1361 (1986) (Handler, J., concurring in part and dissenting in part). Therefore, in a criminal case, the jury is not bound by stipulated facts.
Despite the judge's misstatement, we conclude that a reversal is not warranted. The statement does not constitute directing a verdict. In other instructions, the judge charged the jury that it was required to find every element of every charge proven beyond a reasonable doubt in order to convict defendant, that the burden never shifts to the defendant, and that the State has the burden of proving defendant guilty beyond a reasonable doubt.
We also note that after commencing deliberations, the jury sent the following question to the judge, "if the defendant is found guilty of charge 2, does the jury have the right to vote not guilty on charges 3 and 4, given the statements made in exhibit labeled J-1 [the stipulation]?" In answering the question, the judge reiterated:
I told you there are five charges or offenses or counts in this Indictment, and they are separate charges, separate *738 offenses by separate counts of the Indictment. The defendant is entitled to have his guilt or innocence separately considered on each count by the evidence, which is relevant and material to that particular charge based on the law as I stated that law to be to you in my charge.
Defense counsel specifically stated that he did not have an objection to the judge's response.
Based on the totality of the instructions, we are satisfied that the judge did not direct a verdict on any element of the charges against defendant. Thus, a reversal is not warranted. See United States v. Cornish, 103 F.3d 302, 304-06 (3d Cir. 1997) (holding that a trial court's instruction that the stipulated facts were to be accepted to which defendant did not object, did not warrant a reversal under the plain error rule).
For the guidance of the trial courts, we recommend that where there is a stipulation in a criminal trial, the judge should instruct the jury that: (1) the parties have agreed to certain facts, and that the jury should treat these facts as being undisputed, i.e., the parties agree that these facts are true,[3] and (2) as with all evidence, undisputed facts can be accepted or rejected by the jury in reaching a verdict.
Contrary to a charge instructing the jury that it is "bound" by the stipulated facts, this language avoids "the hazard, apparent or not, of directing a verdict on a factual issue and would be shielded from constitutional challenge." Id. at 306-07. Contra Osborne v. United States, 351 F.2d 111, 120 (8th Cir.1965); United States v. Sims, 529 F.2d 10, 11 (8th Cir.1976); United States v. Houston, 547 F.2d 104, 107 (9th Cir.1976).

II
[At the direction of the court, the discussion of the other issues in the appeal has been omitted from the published version of the opinion.]
Affirmed and remanded to the Law Division, Mercer County for the entry of the amended judgment.
NOTES
[1] Prosecuting defendant separately under each statute would violate double jeopardy, due process and principles of fundamental fairness. State v. Parker, 335 N.J.Super. 415, 426, 762 A.2d 690 (App.Div.2000).
[2] Contrary to defendant's contention, the issue was not raised at trial.
[3] This instruction is similar to Model Civil Jury Charge 1.12 E4. That instruction reads in pertinent part:

[T]he stipulation and admissions are facts that the parties agree are true. Therefore, you can accept all admissions and stipulations as true in your deliberations.
Although this instruction is appropriate in a civil trial, the last sentence should be avoided in a criminal trial.