**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0402-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TERRANCE BARKER, a/k/a
TERRENCE BARKER,

     Defendant-Appellant.

_____

     Argued May 22, 2019 – Decided July 29, 2019

     Before Judges Accurso, Vernoia and Moynihan.

     On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment Nos. 14-12-0793 and 14-12-0794.

     Stephen W. Kirsch, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Stephen W. Kirsch, of counsel and on the brief).

     Lauren E. Bland, Assistant Prosecutor, argued the cause for respondent (Michael H. Robertson, Somerset County Prosecutor, attorney; Lauren E. Bland, of counsel and on the brief).

PER CURIAM

Following a bifurcated trial, see State v. Ragland, 105 N.J. 189, 193-95 (1986), before a single jury, defendant Terrance Barker appeals from his convictions of one count of fourth-degree possession of a defaced firearm, N.J.S.A. 2C:39-3(d), under Indictment 14-12-0793, and two counts of second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b)(1), under Indictment 14-12-0794.  He argues:

> POINT I
>
> IN TWO SIGNIFICANT RESPECTS, THE JURY INSTRUCTION ON THE CERTAIN-PERSONS OFFENSES FAILED TO MEET THE STANDARD REQUIREMENTS OF STATE V. RAGLAND AND ITS PROGENY REGARDING A "SECOND TRIAL" FOR CERTAIN PERSONS NOT TO HAVE WEAPONS.
>
> > A.  THE ALVAREZ-BASED JURY INSTRUCTION ON NON-PROPENSITY THAT IS PART OF THE MODEL JURY INSTRUCTION WAS IMPROPERLY AND INEXPLICABLY OMITTED FROM THE JURY INSTRUCTION AT THE SECOND TRIAL.
> >
> > B.  THE JUDGE IMPROPERLY TOLD THE JURORS THREE TIMES THAT THEY COULD SKIP MAKING A FINDING ON ONE OF THE ELEMENTS OF THE OFFENSE -- A FUNDAMENTAL VIOLATION OF DEFENDANT'S RIGHT TO A JURY

2

VERDICT ON ALL ELEMENTS OF A CRIME.

POINT II

AT THE TRIAL FOR POSSESSION OF A DEFACED GUN, THE STATE IMPROPERLY USED AN EXPERT WITNESS TO OFFER AN OPINION THAT THE GUN WAS DEFACED -- PART OF THE ULTIMATE ISSUE FOR THE JURY TO DECIDE, AND A MATTER CLEARLY NOT BEYOND THE KEN OF THE AVERAGE JUROR.

We agree that the admission of expert testimony and improper jury instructions warrant reversal.

In its effort to prove the elements of the defaced firearm charge,[1] the State introduced the testimony of a detective who was qualified in the first trial as a firearms and ballistics expert. Although the expert properly testified about his testing of the weapon and his analysis of firearms and ballistics evidence seized by the police, he – without objection from defense counsel – stated on several occasions during his direct testimony that the firearm allegedly possessed by defendant was defaced. While explaining to the jury the nature of a cartridge,

_____

[1] The state must prove three elements, beyond a reasonable doubt: (1) there was a firearm, (2) the firearm was defaced, and (3) defendant knowingly possessed that firearm. N.J.S.A. 2C:39-3(d); see Model Jury Charge (Criminal), "Possession Of A Defaced Firearm (N.J.S.A. 2C:39-3d)" (rev. February 9, 2009).

A-0402-17T4

and answering the trial judge's interjected question about the location of cartridges when the expert received them, the judge instructed the expert to continue his testimony. The expert offered the non sequitur, "So it had a defaced serial number." The assistant prosecutor later followed-up:

> [The assistant prosecutor:] Okay. Now you indicated when that came in that the serial number was defaced. What do you mean by defaced?
>
> [The expert:] Meaning that – I have had a chance to look at the pictures. Um, serial number should be – there is minimum heights and depths for serial numbers. Um, after 1968 there was the Gun Control Act which required serial numbers on weapons. However, this one here the location that it had was defaced, meaning that you could not read the number at all. It was taken away and it appeared – it appears that some kind of either grinding device, sanding device – some kind of device but I can see parallel scratches – is the best way I can describe it, and it does not appear that a pointed hand tool – somebody could have sat there and done that. Because there are two well in line here.

At the end of direct examination, further testimony was elicited:

> [The assistant prosecutor:] And when you received that gun that number we see at the bottom was not visible. Is that accurate?
>
> [The expert:] That's correct.
>
> Q. And the portion that covers that hidden serial number is that designed to be removed or did you have

to – for lack of a better term, did you have to pry that off?

A. I had to cut and peel and/or pry to get it off.

Q. And based on your observation of that gun and your testing of that gun, is it your opinion that that is an operable firearm?

A. Yes, sir.

Q. And that it had a defaced serial number?

A. Yes, sir.

Expert testimony is admissible pursuant to Rule 702 only if the proponent establishes "the subject matter of the testimony [is] 'beyond the ken of the average juror . . . .[2]'" J.L.G., 234 N.J. at 280 (quoting Kelly, 97 N.J. at 208); see N.J.R.E. 702. Matters "within the competence of the jury" are for the collective wisdom of the jury to assess. See State v. Sowell, 213 N.J. 89, 99 (2013). By contrast, issues that are "beyond the understanding of the average" juror may call for expert evidence. Ibid.

---

[2] Proponents must also show "the [expert's] field of inquiry 'must be at a state of the art such that an expert's testimony could be sufficiently reliable'; and . . . 'the witness must have sufficient expertise to offer the' testimony." State v. J.L.G., 234 N.J. 265, 280, reconsideration denied, 235 N.J. 316 (2018) (quoting State v. Kelly, 97 N.J. 178, 208 (1984)).

Opining about a factual issue that is not outside the understanding of the average juror is improper.  See Id. at 100, 104 (noting "the case law makes clear that it is not proper to present expert testimony about straightforward but disputed facts" and that, "even if a defendant does not object, the trial judge has the responsibility both to exclude unnecessary, inadmissible expert testimony and to monitor the use of hypothetical questions when the testimony is warranted").  When such testimony is erroneously admitted, a conviction based upon it should not stand, even under the plain or harmless error standards, unless there is "overwhelming evidence" of guilt.  See Id. at 107-08.  As the Court explained in State v. Cain, 224 N.J. 410, 426 (2016):

> The jury brings a breadth of collective experience, knowledge, and wisdom to the task.  Expert testimony is not necessary to explain to jurors the obvious.  It is not a substitute for jurors performing their traditional function of sorting through all of the evidence and using their common sense to make simple logical deductions.

Here, the expert's testimony intruded on the province of the jury which had to determine if the State proved that the firearm was defaced, an issue no juror needed an expert's assistance to understand.  "Defaced" has a simple definition:  "to remove, deface, cover, alter or destroy the name of the maker, model designation, manufacturer's serial number or any other distinguishing identification mark or number on any firearm."  N.J.S.A. 2C:39-1(b); see also

6

Model Jury Charges (Criminal), "Possession Of A Defaced Firearm (N.J.S.A. 2C:39-3(d))." Although the expert properly explained what a serial number was and where it is normally located, he could not offer an opinion about an ultimate issue in the case.

The expert's testimony was clearly capable of influencing the jury and producing an unjust result, requiring reversal. R. 2:10-2. "[E]xpert testimony coming from a law enforcement officer claiming to have superior knowledge and experience likely will have a profound influence on the deliberations of the jury." Cain, 224 N.J. at 427. We note the assistant prosecutor touted the expert's opinion on the specific issue of defacement during his summation:

> Well, you heard from [the expert]. He's an expert in firearms. He's an expert in forensic ballistics. And he told you he is familiar with that type of gun and when he got it he saw that it was defaced. He saw that the serial number on that gun had been removed.

The possibility of injustice engendered by the expert testimony and highlighted by the assistant prosecutor's closing remarks was "sufficient to raise a reasonable doubt as to whether the error led the jury to a result it otherwise might not have reached." State v. Macon, 57 N.J. 325, 336 (1971).

The trial judge's jury-instruction errors regarding the predicate-act element of the certain persons charges in the second trial also compel reversal.

7

That element, one of three the State is required to prove to obtain a certain persons conviction,[3] requires the production of evidence that defendant was convicted for one of the crimes enumerated in the statute. See N.J.S.A. 2C:39-7(b).

It has long been recognized that "proof that defendant was a convicted felon (required in the trial of the [certain persons] charge) clearly tends to prejudice the jury in consideration of" not only the gun possession charge which was tried first, Ragland, 105 N.J. at 193, but also the certain persons charge, State v. Bailey, 231 N.J. 474, 484 (2018). In order to ameliorate that prejudice in certain persons trials, a defendant may "stipulate to the prior-conviction element to prevent the government from presenting evidence concerning the nature and type of prior conviction." State v. Brown, 180 N.J. 572, 583 (2004).

Defendant followed that course in the second trial. After the return of the jury's guilty verdict on the defaced firearm charge but before the judge addressed the jury at the start of the bifurcated trial, defense counsel at a requested sidebar

---

[3] The other elements the State is required to prove are that, after a defendant was convicted for one of the crimes enumerated in the statute, the defendant subsequently purchased, owned, possessed or controlled a firearm. N.J.S.A. 2C:39-7(b).

A-0402-17T4

informed the court that defendant decided to stipulate "that he is guilty of the predicate offenses"; the State agreed.

When such a stipulation is entered, "the jury need be instructed only that defendant was convicted of a predicate offense." Id. at 585. The pertinent part of the model jury charge in effect at the time of defendant's trial[4] provided:

> The third element the State must prove beyond a reasonable doubt is that defendant is a person who previously has been convicted of . . . the predicate offense. In this matter, the parties have stipulated, or agreed, that defendant has previously been convicted of . . . a predicate offense. You are instructed as follows with regard to the stipulation that you should treat these facts as being undisputed, that is, the parties agree that these facts are true. As with all evidence, undisputed facts can be accepted or rejected by the jury in reaching a verdict.
>
> [Model Jury Charges (Criminal), "Certain Persons Not To Have Any Weapons (N.J.S.A. 2C:39-7(a))" (rev. June 13, 2005) (emphasis added).]

Instead of instructing the jury in accordance with the model charge, the trial judge told the jury in what he described as "my preliminary charge":

> [C]ounsel have just advised me that the defendant is willing to enter into a stipulation, which has been accepted by the State. And a stipulation means that

---

[4] We note that the model jury charge has been updated since defendant's trial, but those alterations do not affect the portions discussed in this opinion. See Model Jury Charges (Criminal), "Certain Persons Not To Have Any Weapons (N.J.S.A. 2C:39-7(a))" (rev. Feb. 12, 2018).

there is no reason to prove a certain fact; that there is an agreement. And the agreement is that the defendant stipulates or admits that he was in fact convicted of one of the predicate offenses that give rise to this charge, meaning that there is no reason for you, as the jury, to make a determination as to whether there was a predicate offense, meaning an offense that has to be proven to show that he was not – that he was someone who is not allowed to possess a firearm.

Continuing the "preliminary" instruction prior to the start of the second trial, the judge, in reviewing the three elements of the certain persons crime, told the jury the third element, "which you will not have to make a determination on, is that [defendant is] a person who had this predicate offense." Finishing his "preliminary charge," the judge again recapped the elements and, as to the third element, instructed:

> And, third, is the final element that has been stipulated. That there was a predicate conviction. If you find after hearing this additional testimony or proofs that the State has proven beyond a reasonable doubt each of these elements – and you need not find that as to element three. That has been stipulated. Then you must find the defendant guilty.

In his final instructions, the judge reminded the jury the third element was that "the defendant is a person who has previously been convicted of one of those predicate offenses and that has been stipulated," and "that defendant is a

person who has been convicted of a predicate offense, again, which has been stipulated."

Because defendant did not object to the instructions, our review is for plain error. R. 2:10-2. The judge's repeated instructions demonstrated a "legal impropriety in the [jury] charge prejudicially affecting the substantial rights of the defendant and sufficiently grievous to justify notice by the reviewing court and to convince the court that of itself the error possessed a clear capacity to bring about an unjust result." State v. Hock, 54 N.J. 526, 538 (1969).

As made clear by the model jury charge, "in a criminal case, the jury is not bound by stipulated facts." State v. Wesner, 372 N.J. Super. 489, 494 (App. Div. 2004). "A jury is free to reject any evidence, including that which is uncontroverted." Ibid. "[I]f facts are stipulated, the judge should not tell the jurors that they are 'bound' by such stipulated facts, if to do so would result in a directed verdict of any element of an offense charged." Id. at 491.

We are unconvinced by the State's argument that the jury charge, viewed as a whole, "was proper and had no capacity to prejudice defendant." The jury received numerous instructions that they need not consider the third element of the certain persons offense because of the entered stipulation – which it had the right to accept or reject. Since a predicate offense is a material element, see

11

N.J.S.A. 2C:1-14(i), and "''erroneous instructions on material points are presumed to" possess the capacity to unfairly prejudice the defendant.'" State v. Baum, 224 N.J. 147, 159 (2016) (quoting State v. Bunch, 180 N.J. 534, 541-42 (2004)); see also Ragland, 105 N.J. at 193-95 (noting the State must prove "each and every material element of the crime beyond a reasonable doubt" in a N.J.S.A. 2C:39-7 prosecution), reversal of defendant's conviction in the second trial is warranted.

Reversal is also required because the trial judge did not instruct the jury on its proper consideration of the predicate act. We previously held the failure of a trial court to instruct the jury that a "defendant's prior convictions had no place in its deliberations" on the possession element of the certain persons crime deprived the defendant of a fair trial. State v. Alvarez, 318 N.J. Super. 137, 150 (App. Div. 1999). Our Supreme Court viewed a limiting instruction, "emphasizing that the jury could not use [a] defendant's prior conviction to infer that he more than likely possessed the weapon in the current offense" in a certain persons trial, as an "appropriate measure[] to ensure [a] defendant would receive a fair trial.[5]" Brown, 180 N.J. at 585.

---

[5] The trial in Brown was not bifurcated. The State dismissed the underlying unlawful possession of a weapon count and proceeded only on the certain persons charge. Brown 180 N.J. at 575.

A-0402-17T4

The trial judge omitted that portion of the certain persons model jury charge that provides:

> Normally evidence . . . of the predicate offense(s) is not permitted under our rules of evidence. This is because our rules specifically exclude evidence that a defendant has committed prior crimes when it is offered only to show that he/she has a disposition or tendency to do wrong and therefore must be guilty of the present offense. However, our rules do permit evidence of prior crimes when the evidence is used for some other purpose.
>
> In this case, the evidence has been introduced for the specific purpose of establishing an element of the present offense. You may not use this evidence to decide that defendant has a tendency to commit crimes or that he/she is a bad person. That is, you may not decide that, just because the defendant has committed . . . prior crime[s], he/she must be guilty of the present crime[s]. The evidence produced by the State concerning . . . prior conviction[s] is to be considered in determining whether the State has established its burden of proof beyond a reasonable doubt.
>
> [Model Jury Charges (Criminal), "Certain Persons Not To Have Any Weapons (N.J.S.A. 2C:39-7(a))" (rev. June 13, 2005) (footnotes omitted).]

Proper limiting instructions in certain persons trials are essential safeguards of a defendant's right to a fair trial. See Brown, 180 N.J. at 583 (requiring limiting instructions in bifurcated trials since it was "mindful of the obvious potential for prejudice that the evidence of a prior felony conviction might have in any case").

13

We reject the State's argument that the judge's references to the jury instructions in the first trial sufficiently alerted the jury to the proper use of the predicate act in its deliberations. During his final instructions in the second trial, the judge stated:

> As I told you up front, an indictment is not evidence of the defendant's guilt on the charge. You may recall that I had gone through all of the principles that apply to you. The general principles of presumption of innocence, burden of proof, reasonable doubt. I told you about the function of the court. My questions, the function of you, the jury. I have explained several times direct and circumstantial evidence. The difference between the two. Credibility of witnesses. False in one, false in all.
> Does anyone need any of those repeated? Because if you do, you still have the charge from the last trial in chambers or in the jury deliberation room with you and you can refer to that. But by all means if you do need further explanation or me to read it again, just send out a note and we can do that. But those very same principles apply here.

None of those referenced prior jury charges related to the elements of the certain persons offense, particularly the third-element limiting instruction on the use of the predicate act. And none of the instructions given during the first trial provided the required guidance for such prejudicial evidence.

We also see no merit in the State's argument that there was no need for a limiting instruction because the predicate act was intrinsic evidence of the

certain persons offense.  We need not decide if that evidence is intrinsic.  As we

held in <u>Alvarez</u>:

> It is "undeniable that the use of prior conviction evidence is fraught with a high risk of prejudice." <u>State v. Brunson</u>, 132 N.J. 377, 385 (1993).  Thus, whether the State seeks to use "other crimes" evidence for a purpose allowed under N.J.R.E. 404(b) (<u>e.g.</u> motive, intent, identity), or to impeach a testifying defendant, great care must be taken to instruct the jury that it is impermissible to use the prior convictions to demonstrate a predisposition to commit an offense. <u>Brunson</u>, 132 N.J. at 390-91; <u>State v. Cofield</u>, 127 N.J. 328, 341-42 (1992); <u>State v. Stevens</u>, 115 N.J. 289, 309 (1989); <u>State v. Sands</u>, 76 N.J. 127, 142 n.3 (1978).

> [318 N.J. Super. at 149.]

The same caveat would apply to intrinsic evidence.

The failure to provide the jury with the required limiting instruction – like

the judge's repeated instructions about the stipulation – was plain error, a "legal

impropriety in the [jury] charge prejudicially affecting the substantial rights of

the defendant and sufficiently grievous to justify notice by the reviewing court

and to convince the court that of itself the error possessed a clear capacity to

bring about an unjust result."  <u>Hock</u>, 54 N.J. at 538.

Reversed and remanded to the Law Division for a new trial on both

indictments.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0402-17T4