# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1113-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LUIS F. PACHECO-LOJA,

     Defendant-Appellant.

_____

> Submitted November 17, 2021 – Decided December 8, 2021
>
> Before Judges Hoffman and Geiger.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 18-08-0131.
>
> The Law Offices of Michael P. McGuire, LLC, attorney for appellant (Michael P. McGuire, on the briefs).
>
> Andrew J. Bruck, Acting Attorney General, attorney for respondent (Daniel Finkelstein, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Luis F. Pacheco-Loja appeals from a judgment of conviction following a jury trial where the judge allowed the State to briefly play portions of child pornography videos recovered from his laptop computer. Defendant argues he was denied a fair trial because the videos were inherently inflammatory and unfairly prejudicial, and he had already stipulated that the videos found on the laptop depicted children engaging in sexual acts. We disagree and affirm his conviction.

After investigation revealed an IP address roughly in the Belleville area sharing video files containing child pornography on peer-to-peer software with another IP address in the Belleville area, lead Detective Charles Pusloski of the New Jersey Division of Criminal Justice subpoenaed Verizon to ascertain who had been sharing the video files by tracing the IP address. Verizon's response to the subpoena indicated the IP address was associated with a woman living in an apartment Belleville. A search warrant was obtained for the apartment.

On the morning of September 6, 2017, Detective Pusloski and other law enforcement officers executed the search warrant. Defendant lived with the woman at the apartment. A forensic preview revealed evidence of child pornography on an Acer laptop found inside the apartment. The laptop was seized. The female tenant's laptop was also searched but no child pornography

2

was found on it. On the same day, defendant was arrested and charged with possession and distribution of child pornography.

A forensic examination of the laptop's hard drive revealed a desktop wallpaper picture of defendant; defendant's Facebook profile; defendant's Skype profile; a self-recorded video of defendant; a peer-to-peer file sharing program with a search history for child pornography; and thirty files containing child pornography, twenty-six of which were downloadable on the peer-to-peer network. Law enforcement discovered that the laptop had been used to share 248 files on peer-to-peer software, and at least 31 of those files were child pornography.

A State Grand Jury issued an indictment charging defendant with second-degree endangering the welfare of a child (distribution of child pornography, twenty-five or more items), N.J.S.A. 2C:24-4b(5)(a)(i) (count one); second-degree endangering the welfare of a child (storing or maintaining child pornography using a file-sharing program, twenty-five or more items) (count two), N.J.S.A. 2C:24-4b(5)(a)(iii); and third-degree endangering the welfare of a child (possession of child pornography), N.J.S.A. 2C:24-4b(5)(b) (count three).

The State requested defendant to stipulate that all the videos identified by the State represent real children under the age of eighteen who are engaged in prohibited sexual acts as defined by N.J.S.A. 2C:24-4b, and thus meet the definition of child pornography. Defendant stipulated, in part:

> The Acer . . . laptop seized by police on September 6, 2017 from [the apartment in] Belleville, New Jersey contain[ed] [thirty] videos depicting a real child or children under the age of eighteen engaging in prohibited sexual acts or in the simulation of such acts as defined by law and the screen shot printouts identified as State's Exhibits S-13 through S-42 represent still images from those videos.

Defendant gave a statement to the police. The State's motion to admit defendant's statement was denied.

The case proceeded to trial. On the first day of trial, the judge gave the jury the following general instruction regarding stipulations:

> Ladies and gentlemen of the jury, before [the State] starts, there are certain stipulations that . . . both [the] State and defense have agreed upon.
>
> Stipulations are certain facts that are agreed upon by both the defense and the State. The jury should treat these facts as undisputed; i.e., the parties agree that these facts are true.
>
> As with all evidence, undisputed facts can be accepted or rejected by the jury in reaching a verdict. As the case progresses, I will read you what those stipulated facts are.

4

During the trial, the State sought to play a few minutes of the videos shared on the peer-to-peer software recovered from defendant's laptop to prove defendant knowingly distributed or maintained videos depicting children engaged in sexual acts. Defense counsel objected, arguing that playing the videos would be prejudicial and unnecessary because the parties stipulated to the contents of the videos as child pornography. Defendant contended the videos had no probative value and were prejudicial. The court overruled the objection, noting that the State had the burden of proof, and the jury had no obligation to accept the stipulation.

The State then played a few seconds of two videos recovered from defendant's laptop, with Pusloski briefly describing the portion of the videos that were played. The first video clip was only fifteen seconds long. The record does not reflect the length of the second video clip. Immediately after the jury watched the videos clips, the court then instructed the jury that "State's Exhibit S-1 contains two videos of a real child or children under the age of 18. Children engaging in prohibited sexual acts which were downloaded by Detective Pusloski on August [22], 2016."

After the State rested, defendant's motion for a judgment of acquittal was denied. Defendant did not testify or present any witnesses in his defense.

During its final jury instructions, the court again addressed the stipulations, stating:

> The parties have agreed to certain facts, the jury should treat these facts as undisputed; i.e., the parties agree that these facts are true. As with all evidence, undisputed facts can be accepted or rejected by the jury in reaching a verdict. The State and the defense stipulate to the following facts:
>
> One, the Acer . . . laptop seized by police on September [6], 2017 from . . . [an] Apartment . . . [in] Belleville, New Jersey contains [thirty] videos depicting a real child or children under the age of [eighteen] engaging in prohibited sexual acts or in the simulation of such acts as defined by law in the screenshot printouts identified as State's Exhibit S-13 through S-42 represent still images from those videos.
>
> Two, the State's Exhibit S-1 consists of two videos of a real child or children under the age of [eighteen] engaging in prohibited sexual acts which were downloaded by Detective Pusloski on August [22], 2016.
>
> Three, [the] IP address . . . was serviced by Verizon. The account was subscribed to [a female tenant residing at the same apartment in] Belleville . . . on February [4], 2016 and was active through October [25], 2016.
>
> Four, all physical evidence has been within the custody and control of the State since its seizure and has an appropriate chain of custody.

The jury found defendant guilty of all three counts. The court granted the State's motion to impose a special sentence of parole supervision for life pursuant to N.J.S.A. 2C:43-6.4(a). On counts one and two, defendant was sentenced to concurrent six-year terms, subject to five years of parole ineligibility; the registration requirements of Megan's Law, N.J.S.A. 2C:7-1 to -23; parole supervision for life, N.J.S.A. 2C:43-6.4; and applicable fines and penalties. Count three was merged into count two for sentencing purposes. This appeal followed.

Defendant raises the following points for our consideration:

POINT ONE

DEFENDANT WAS DENIED A FAIR TRIAL WHEN THE PROSECUTION WAS PERMITTED TO SHOW INHERENT[]LY INFLAMM[A]TORY AND UNFAIRLY PREJUDICIAL CHILD PORNOGRAPHY TO THE JURY DESPITE THE FACT THAT DEFENDANT HAD ALREADY STIPULATED TO THE FACT OF CHILD PORNOGRAPHY FOUND IN THE LAPTOP.

POINT TWO

WHEN NON-INFLAMMATORY ALTERNATIVE EVIDENCE IS AVAILABLE TO THE PROSECUTION THEN THE INFLAMMATORY EVIDENCE'S PROABTIVE VALUE IS ATTENUATED AND THEREFORE SHOULD BE EXCLUDED UNDER N.J.R.E. 403.

Defendant argues that the court erred in allowing the State to play the videos because defendant had already stipulated to possession of child pornography. He relies on United States v. Merino-Balderrama, 146 F.3d 758, 762-63 (9th Cir. 1998), where the circuit court of appeals determined the district court abused its discretion by allowing the jury to view more than ten minutes of films portraying child pornography. Defendant argues that the State could have presented the stipulation as evidence instead of the inflammatory videos. Defendant argues that when the State has the "option to satisfy its burden through non-inflammatory evidence, then the [S]tate should rely on the same non-inflammatory evidence unless the state feels that it cannot effectively satisfy its burden to prove the guilt of defendant beyond reasonable doubt."

We are guided by well-established legal principles. "Evidentiary rulings made by the trial court are reviewed under an abuse-of-discretion standard." State v. Scharf, 225 N.J. 547, 572 (2016) (citing Hisenaj v. Kuehner, 194 N.J. 6, 12 (2008)). We "will reverse an evidentiary ruling only if it 'was so wide off the mark that a manifest denial of justice resulted.'" State v. Mauti, 448 N.J. Super. 275, 307 (App. Div. 2017) (quoting Griffin v. City of E. Orange, 225 N.J. 400, 413 (2016)). When "the trial court fails to apply the proper legal standard

in determining the admissibility of proffered evidence," we review the evidentiary rulings de novo. State v. Williams, 240 N.J. 225, 234 (2019).

"'Relevant evidence' means evidence having a tendency in reason to prove or disprove any fact of consequence to the determination of the action." N.J.R.E. 401. "[R]elevant evidence may be excluded if its probative value is substantially outweighed by the risk of" undue prejudice. N.J.R.E. 403. "The trial court is granted broad discretion in determining both the relevance of the evidence to be presented and whether its probative value is substantially outweighed by its prejudicial nature." Green v. N.J. Mfrs. Ins. Co., 160 N.J. 480, 492 (1999). See also State v. Nantambu, 221 N.J. 390, 402 (2015) ("The trial judge has broad discretion to exclude evidence as unduly prejudicial pursuant to N.J.R.E. 403."). "Even when evidence is 'highly damaging' to a defendant's case, 'this cannot by itself be a reason to exclude otherwise admissible and probative evidence." State v. Brockington, 439 N.J. Super. 311, 333 (App. Div. 2015) (quoting State v. Frost, 242 N.J. Super. 601, 620-21 (App. Div. 1990)).

When determining whether to exclude or permit evidence under this standard, a trial court "should include some elaboration on the substantial danger of undue prejudice, or the absence thereof, that would accrue to the objecting

party if the pro[ffered] evidence were introduced." State v. Balthrop, 92 N.J. 542, 546 (1983).

"In this weighing process, evidence that has overwhelmingly probative worth may be admitted even if highly prejudicial" when that evidence is central to the case. Green, 160 N.J. at 496. The question then becomes "whether the undeniable prejudicial effect of this evidence substantially outweighed its probative worth." Id. at 500. In making that determination, "courts should look not only to the close nexus between the evidence and a central issue in the case, but also to the availability of other evidence [that could] shed light on that issue." Ibid. "Inflammatory evidence 'must be excluded if other probative, non-inflammatory evidence exists.'" State v. Santamaria, 236 N.J. 390, 406 (2019) (quoting Green, 160 N.J. at 500).

The State was required to prove that defendant knowingly distributed child pornography (count one), stored or maintained child pornography using a file-sharing program (count two), and possessed child pornography (count three). It sought to prove those elements by playing two short videos recovered from the defendant's laptop. The videos were relevant evidence that defendant knowingly distributed, stored or maintained, and possessed the child pornography.

Defendant's stipulations did not satisfy the mens rea element that defendant knowingly distributed, stored or maintained, and possessed the child pornography.  Defendant has not pointed to any other admissible evidence that satisfied this element.   We are mindful that defendant's statement was suppressed.

In addition, as explained by the judge, the jury was free to reject the stipulated facts.  See State v. Wesner, 372 N.J. Super. 489, 494 (App. Div. 2004) (explaining that "in a criminal case, the jury is not bound by stipulated facts"). The State must prove each element of the offenses beyond a reasonable doubt. State v. Hill, 199 N.J. 545, 558 (2009).  Without seeing the videos, the jury may have found the State failed to satisfy its burden of proof.  See United States v. Caldwell, 586 F.3d 338, 343 (5th Cir. 2009) (stating that a stipulation "does not have the same evidentiary value as actually seeing the particular explicit conduct").

"[A] criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it."  Old Chief v. United States, 519 U.S. 172, 186-87 (1997).  Federal courts "have consistently found no abuse of discretion where a court admits relevant pornographic images."  United States v. Fechner, 952 F.3d 954, 958 (8th Cir.

11

2020) (citations omitted). In <u>Caldwell</u>, the court affirmed the admission of child pornography videos even though the defendant stipulated the videos contained child pornography. 586 F.3d at 342-43.

Although the judge made no reference to N.J.R.E. 403 when overruling defendant's objection, the court considered the probative value of the videos by recognizing the obvious nexus between the evidence and the State's burden of proving defendant knowingly committed the offenses. The State showed the jury only two videos. The videos were not lengthy; one was only fifteen seconds long.

We conclude that the probative value of the evidence offered was not substantially outweighed by the risk of undue prejudice to defendant. N.J.R.E. 403. Although the images depicted may have been disturbing, the video evidence did not unfairly prejudice defendant. Accordingly, the judge did not abuse her discretion by permitting the State to briefly play the videos recovered from defendant's laptop. The admission of the videos did not result in a "manifest denial of justice." <u>Mauti</u>, 448 N.J. Super. at 307 (quoting <u>Griffin</u>, 225 N.J. at 413).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

13